Lenford DOUGLAS, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 1751, Docket 93–4188.

United States Court of Appeals,
Second Circuit.

Argued June 7, 1994.

Decided June 15, 1994.

---

Jonathan S. Mothner, New York City (Thomas J. Moloney, Deborah M. Buell, Martha A. Lees, Cleary, Gottlieb, Steen & Hamilton, of counsel), for petitioner.

Diogenes P. Kekatos, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., S.D.N.Y., Gabriel W. Gorenstein, Assistant United States Attorney, of counsel), for respondent.

Before: WINTER and WALKER, Circuit Judges, and POLLACK, District Judge.*

WINTER, Circuit Judge:

Lenford Douglas petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from Immigration Judge ("IJ") Vomacka's order of deportation pursuant to section 241(a)(11) of the Immigration and Naturalization Act of 1952 ("the Act"), 8 U.S.C. § 1251(a)(11), and denial of Douglas's application for a waiver of deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c). Douglas argues that the BIA abused its discretion in affirming the IJ's dismissal of his section 212(c) application because it failed to consider adequately his positive equities. He also argues that the order of deportation should be vacated and the matter remanded to the IJ for a new hearing because the INS violated 8 C.F.R. § 242.2(g) (1993). We dismiss the petition.

## BACKGROUND

Douglas, a Jamaican citizen, was admitted to the United States as a lawful permanent resident on September 10, 1974, when he was sixteen years old. Douglas has not returned to Jamaica since his entry into the United States. All of Douglas's immediate relatives reside in the United States and are United States citizens.

In 1978, Douglas pled guilty to attempted criminal possession of cocaine in violation of New York State Penal Law §§ 110.00 and 220.03. That conviction added to an already lengthy criminal record. Based upon his attempted possession offense, the INS issued an order to show cause initiating deportation proceedings against Douglas, pursuant to section 241(a)(11) of the Act.

At a hearing before IJ Annette S. Elstein, Douglas conceded deportability. He then filed an application for waiver of deportation pursuant to section 212(c) of the Act. After a hearing, IJ Alan A. Vomacka issued an oral ruling denying Douglas's section 212(c) application and entered an order of deportation.

Douglas appealed to the BIA. He argued, *inter alia,* that IJ Vomacka abused his discretion in denying the section 212(c) application by failing to give adequate weight to Douglas's positive equities. He also asserted that the BIA had failed to comply with 8 C.F.R. § 242.2(g). The BIA affirmed the IJ's order and dismissed Douglas's appeal.

## DISCUSSION

Douglas first argues that the BIA erred in affirming the denial of his section 212(c) application because it failed to consider the economic impact of his deportation upon his children, failed to consider "meaningfully" the emotional impact of deportation upon Douglas, and failed to conclude that the positive equities it did consider were unusual or outstanding.

We review the BIA's denial of a section 212(c) application for an abuse of discretion. *Arango–Aradondo v. I.N.S.,* 13 F.3d 610, 613 (2d Cir.1994). A denial of such an application constitutes an abuse of discretion only if it was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group." *Id.* (quoting *Li Cheung v. Esperdy,* 377 F.2d 819, 820 (2d Cir.1967)). The BIA did not abuse its discretion.

A determination of whether to grant discretionary relief from deportation pursuant to section 212(c) requires "consideration of all the facts and circumstances involved." *Matter of Edwards,* 1990 WL 385757, 1990 BIA LEXIS 8, *10. It also requires a balancing of "the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether

---

* The Honorable Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

the granting of [the requested relief] appears in the best interests of this country." *Matter of Marin,* 16 I. & N.Dec. 581, 584 (BIA 1978).

In *Marin,* the BIA noted that factors weighing in favor of section 212(c) relief

have been found to include ... family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the respondent was of young age), evidence of hardship to the respondent and family if deportation occurs, service in this country's Armed Forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of a genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character.

*Id.* at 584–85.

■ Douglas argues that the BIA's order must be reversed because the BIA failed to meaningfully consider the economic impact of his deportation on his children. He relies on this Court's statement that "we cannot assume that the BIA considered factors that it failed to mention in its decision." *Anderson v. McElroy,* 953 F.2d 803, 806 (2d Cir.1992) (quoting *Mattis v. I.N.S.,* 774 F.2d 965, 967 (9th Cir.1985)). He contends that the BIA abused its discretion because (1) financial hardship to Douglas's children is relevant under *Marin,* (2) *Edwards* requires the "consideration of all the facts and circumstances," and (3) *Anderson* holds that an issue not explicitly addressed by the BIA cannot be presumed to have been considered.

In *Anderson,* however, the BIA failed to consider the entire record, including the critical fact that the petitioner had recently become statutorily eligible for section 212(c) relief by virtue of seven years residency in the United States. *Anderson,* 953 F.2d at 806. The court described the BIA's order as "cryptic" and "devoid of any reasoning." *Id.* In such a case, it would have been quite speculative to assume that the BIA in fact considered potentially determinative considerations contained in the record and resolved them against the petitioner.

However, in the instant case, the BIA merely failed to mention explicitly what is by any standard very marginal evidence of Douglas's daughters' financial dependence. Douglas testified that he had not seen his two children for two years and could not remember one of his daughters' last names. The only evidence of any financial support of his children was his statement that he had tried to do his best to purchase things for them that they needed, "like shoes." This testimony might reasonably have been omitted in the BIA's decision as too insignificant to merit discussion.

We conclude that the BIA does not abuse its discretion where it fails to consider explicitly such scant evidence of a positive equity. *See Casalena v. I.N.S.,* 984 F.2d 105, 107 (4th Cir.1993) ("*Marin* does not require express recognition [by the BIA] of any of the factors that it enumerated"). *Contra Diaz–Resendez v. I.N.S.,* 960 F.2d 493, 497 (5th Cir.1992) (record should reflect that BIA actually considered all relevant factors raised by petitioner).

Douglas's next argument, that the BIA failed to consider "meaningfully" the emotional impact of deportation upon Douglas, is without merit. The BIA clearly recognized that Douglas had been in the United States since age sixteen, had close family ties here, and would "undoubtedly ... face emotional hardship upon his deportation to Jamaica." Its statements thus reflect a full awareness of the probable emotional difficulties faced by Douglas upon his deportation.

■ Douglas also argues that the BIA abused its discretion in failing to conclude that the positive equities that were considered, such as Douglas's long-time United States residence, family ties, and emotional and economic hardship to his mother were "unusual or outstanding" so as to merit weight in the consideration of the section 212(c) application of a convicted narcotics offender. *See Matter of Edwards,* 1990 WL 385757, 1990 BIA LEXIS 8, *11–*12 (only unusual or outstanding equities may be used to offset negative factor of conviction for serious drug offense). He argues that in other BIA appeals, each of these factors has been considered "unusual or outstanding,"

see *Matter of Buscemi*, 19 I. & N.Dec. 628 (BIA 1988); *In re Chim*, A34 122 741 (unpublished, BIA March 30, 1993); *In re Whyte*, A20 211 874 (unpublished, BIA October 8, 1992); *In re Vasquez–Vargas Machuca*, A31 143 599 (unpublished, BIA September 8, 1992), and that the BIA's departure from that precedent was arbitrary and irrational. *See Diaz–Resendez*, 960 F.2d at 497.

The INS contends that the three unpublished opinions of the BIA cited by Douglas cannot be relied upon as precedent. *See* 8 C.F.R. § 3.1(g) (1993) (only "selected decisions designated by the Board shall serve as precedents in all proceedings involving the same issue or issues"); *Dor v. District Director I.N.S.*, 891 F.2d 997, 1002 n. 9 (2d Cir.1989) (describing structure of BIA and stating, "[t]he BIA selects, for publication, precedent decisions that will bind the INS and the Immigration Judges").

■ Douglas counters that in *Vargas v. I.N.S.*, 938 F.2d 358, 362 (2d Cir.1991), we relied upon unpublished BIA decisions to conclude that the BIA's departure from precedent was arbitrary and capricious. However, *Vargas* did not explicitly consider the issue of the precedential value of unpublished BIA decisions, and its reliance on those decisions is in tension with 8 C.F.R. § 3.1(g). We therefore hold that such decisions should not be relied upon as binding precedent in unrelated matters.

Douglas has not demonstrated that the BIA has uniformly considered characteristics such as his to be "unusual or outstanding." In *Matter of Edwards*, 1990 WL 385757, 1990 BIA LEXIS 8, *16–*17, the BIA concluded that where a petitioner presented factors similar to those presented here *and* the petitioner had been married to a United States citizen for twenty-two years, had a disabled child at home, and was described as "a good father," the equities "*cumulatively* r[o]se to the level of the unusual or outstanding." There is thus no uniform BIA practice of labeling each of Douglas's positive equities "unusual or outstanding."

■ Whether such equities should be considered unusual or outstanding depends upon the specific facts of each case viewing the record in its entirety. For example, one positive equity that was considered "outstanding" in *Buscemi*—length of residence—is of little weight in the instant matter. As noted by the BIA, although Douglas has been a lawful resident alien for almost twenty years, "many of those years have been marked by his participation in criminal activity." *Compare Buscemi*, 19 I. & N.Dec. at 629–30 (alien spent thirteen years in United States before being convicted of a crime). In light of the facts of this case, the BIA did not abuse its discretion in failing to label Douglas's positive equities "outstanding."

■ Douglas next contends that the INS's failure to observe 8 C.F.R. § 242.2(g) requires reversal of the BIA's decision. Section 242.2(g) requires the INS to notify a detained alien of his right to contact consular officials in his home country and also requires the INS to contact those officials in most cases. The INS concedes that this regulation is applicable to Douglas's case and that it failed to adhere to it. However, it contends that Douglas has waived the issue and has failed to show that he was prejudiced by the INS's violation.

The INS contends that Douglas's failure to raise the section 242.2(g) issue before the IJ precludes consideration of it in his petition. However, in *Waldron v. I.N.S.*, 17 F.3d 511, 515 n. 7 (2d Cir.1994), we held that where a section 242.2(g) issue had not been presented to the IJ but had been addressed by the BIA, which "apparently excus[ed] [the] failure to raise the issue previously," the issue was ripe for review.

In the instant case, it is not clear whether the INS excused the failure to raise the issue below. After stating that Douglas failed to raise the issue before the IJ, the BIA concluded that "[m]oreover," it failed on the merits. However, because the BIA in fact addressed the merits and never clearly stated that the issue was waived, we conclude that the issue is properly before us.

On the merits, the INS argues that Douglas is not entitled to any relief for the INS's violation of section 242.2(g) because he has not shown prejudice. In *Waldron*, 17 F.3d at 518, we recently held that a violation of sec-

**246**

tion 242.2(g) does not implicate the fundamental rights of an alien and that the challenged proceeding therefore may only be invalidated "upon a showing of prejudice to the rights sought to be protected by the subject regulation." Our holding limited *Montilla v. I.N.S.*, 926 F.2d 162, 169 (2d Cir.1991), which contained language that might be read as suggesting that a showing of prejudice is never required when the INS has violated any regulation promulgated for the alien's benefit.

Douglas has not demonstrated the requisite prejudice. *Waldron* requires that a petitioner must demonstrate that the failure to afford the privilege of communication "prejudiced [petitioner] in his preparation of a defense to the deportation charges." *Waldron,* 17 F.3d at 519. Douglas has not demonstrated how any contact with Jamaican consular officials would have assisted him in the preparation of his defense.

Finally, Douglas contends that the BIA applied the wrong legal standard for determining prejudice because it required him to demonstrate prejudice "such as would amount to a violation of his due process rights." However, in *Waldron*, we affirmed a decision of the BIA where the BIA improperly failed to consider the issue of prejudice at all, because we concluded that the petitioner failed to demonstrate prejudice in his petition. Similarly, reversal is not required in this case. Even if the BIA required too stringent a showing of prejudice, Douglas has not demonstrated the requisite prejudice to the preparation of his defense as required by *Waldron*. *See Waldron*, 17 F.3d at 519 (remand "to correct technical errors that did not affect either the outcome or overall fairness of the proceeding ... would be an inappropriate use of limited agency resources").

We dismiss the petition.