

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2004

# Guo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Guo v. Atty Gen USA" (2004). *2004 Decisions.* Paper 82.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/82

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.: 03-4074

LI FANG GUO
Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of Removal
from the Board of Immigration Appeals
U.S. Department of Justice
Executive Office for Immigration Review
BIA No.: A76 627 978

Submitted: November 12, 2004

(Filed:  December 14, 2004)

Before: McKEE, CHERTOFF, Circuit Judges and BUCKWALTER, District Judge.*

OPINION

McKEE, Circuit Judge.

Li Fang Guo petitions for review of an order of the Board of Immigration Appeals

denying her Motion to Reopen immigration proceedings. The Immigration Judge entered

---

* Honorable Ronald L. Buckwalter, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

an order of removal, and the BIA affirmed that order. For the reasons that follow, we will dismiss the petition for review of the BIA's denial of the Motion to Reopen.

## I.[1]

Petitioner claims that local authorities in China told her to go to a hospital for the insertion of a contraceptive intrauterine device. She alleges that she was there forced to have an IUD inserted, and that this resulted in various complications, including infection. She further claims that a doctor in China advised her that the IUD would eventually have to be removed, but it was not immediately removed despite her many requests. Although her testimony was inconsistent, Petitioner stated that the IUD was not removed until she entered the United States and that she would have had to pay a fine if it had been removed in China. However, she specifically testified that she was not threatened with forced sterilization in China.

The IJ entered an order of removal, finding that the Petitioner lacked credibility. His confidence in her testimony was undermined by inconsistencies in her testimony and by her failure to introduce records or documents to substantiate her claim. Moreover, her sister, who allegedly took her to the doctor to have the IUD removed, did not testify before the IJ and Petitioner offered nothing to show any payments to the doctor who allegedly removed the IUD.

---

[1]Since we are writing only for the parties, we will only briefly summarize the relevant background.

The IJ also concluded that Petitioner had failed to establish the requisite subjective and objective fear of persecution and that the forced insertion of an IUD did not rise to the level of "persecution" under 8 U.S.C. § 1101(a)(42). The BIA affirmed that ruling. Petitioner did not appeal the BIA's affirmance of the IJ's order of removal.

## II.

We have jurisdiction to review a final order of removal by the BIA under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen immigration proceedings for an abuse of discretion. *INS v. Abudu*, 485 U.S. 94, 105 (1988). Abuse of discretion occurs when an agency provides no "rational explanation" for its decision, "inexplicably departs from established policies", its decision is "devoid of any reasoning" or contains only "summary or conclusory statements." *Zhao v. Reno*, 265 F.3d 83, 93 (2d Cir. 2001), *citing Douglas v. INS*, 28 F.3d 241, 243 (2d Cir. 1994).

## III.

The BIA refused to exercise its discretion to grant Petitioner's Motion to Reopen, concluding that the inconsistencies between her original testimony and allegations she made in support of the Motion to Reopen only substantiated the IJ's initial adverse credibility determination. "[W]e will uphold findings of fact to the extent they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir.1998). We also review adverse credibility determinations for substantial evidence. *Id.* We must sustain an

adverse credibility determination if there is substantial evidence in the record to support it. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d. Cir. 2002).

Petitioner now attempts to argue that the Board abused its discretion in refusing to allow her to reopen because she was denied effective assistance of counsel before the IJ. According to Petitioner, she demonstrated "both the existence and prejudice of her prior counsel's ineffective assistance" as detailed in her brief. *See Brief of Petitioner*, at 2. Petitioner essentially argued that prior counsel was responsible for the inaccuracies in her initial testimony before the IJ. However, the BIA concluded that her allegations of ineffective assistance further compromised her credibility. That conclusion is amply supported by substantial evidence on this record and the BIA's exercise of discretion must therefore be affirmed.[2]

## IV.

Based on the foregoing analysis, we will affirm the Board of Immigration Appeals September 29, 2003 Decision and Order.

_____

[2] Petitioner also attempts to use her Motion to Reopen as a vehicle to, for the first time, argue that the BIA erred as a matter of law in not interpreting 8 U.S.C. § 1101(a)(42) to include forced birth control. Petitioner now argues that counsel was ineffective in "narrowing the scope" of 8.U.S.C. § 1101(a)(42) to forced abortion and/or forced sterilization only, rather than expanding the scope to include insertion of an IUD. However, that issue has now been waived. *See Alleyne v. U.S. INS*, 879 F.2d 1177, 1182 (3d Cir. 1989) (holding that questions not raised before the Board cannot be considered by this Court).