**Zhen Quan LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto**

R. Gonzales,* Respondent.

No. 03–4057.

United States Court of Appeals,
Second Circuit.

June 6, 2005.

Bruno Joseph Bembi, Hempstead, N.Y. (on submission), for Petitioner.

Stuart A. Berman, Assistant United States Attorney, for Thomas M. DiBiagio, United States Attorney for the District of Maryland, Greenbelt, MD (on submission), for Respondent.

PRESENT: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhen Quan Lin ("Lin"), a citizen of the People's Republic of China,

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

petitions for review of a December 18, 2002 order of the Board of Immigration Appeals ("BIA"), which 1) summarily affirmed a November 12, 1998 decision of an Immigration Judge ("IJ") denying Lin's application for political asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and 2) denied Lin's motion to the BIA for remand to the IJ for consideration of a claim for relief under the U.N. Convention Against Torture ("CAT"), *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

Lin raises a number of objections to the IJ's identification of factual inconsistencies and to the IJ's overall adverse credibility determination. Some of these objections are not without merit. Thus, we are concerned that the IJ relied on an asserted inconsistency in Lin's testimony concerning the date of his wife's second pregnancy, given that the transcript of the asylum hearing does not substantiate the IJ's assertion that Lin ever wavered from saying that the pregnancy was discovered in September of 1989. We also think it improper that the IJ cited in his decision an alleged inconsistency between Lin's 1998 asylum hearing testimony and statements given by Lin at a 1997 interview with an INS asylum officer. There was no transcript or other record of the 1997 interview, and the IJ appears to have relied entirely on the oral representation of the Government attorney at the asylum hearing in drawing conclusions about what Lin had said at the earlier interview. This contravened the requirement that an IJ's determinations "be based only on the *evidence* produced at the hearing," 8 U.S.C. § 1229a(c)(1)(A) (emphasis added), as well as our oft-repeated assertion that credibility findings be supported by "record evidence," *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir. 2003), and not be "based upon speculation," *Ramsameachire*, 357 F.3d at 178.

■ Nevertheless, the IJ's decision finding no credible evidence of past persecution and no likelihood of future persecution is, in the case before us, supported by substantial evidence and untainted by any of the errors described above. The IJ's rejection of Lin's contentions concerning his involvement in anti-Government political activity was supported by specific examples of inconsistent statements that were material to Lin's persecution claim. *See Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir.2005) (per curiam); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004). This finding, together with the IJ's determination that Lin's overall testimonial presentation was inconsistent and confusing constitutes substantial evidence to support the IJ's rejection, as well, of the forcible abortion ground for Lin's asylum claim, and hence also of the IJ's rejection of Lin's withholding of deportation request. *See id.* at 71 ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding.").

We turn, then, to Lin's motion for remand to the IJ for consideration of a claim for withholding of removal pursuant to the CAT. (This relief became available subsequent to Lin's initial asylum application, *see* Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub.L. 105–277, § 2242(b), 112 Stat. 2681, 2822–23 (1998).) We review BIA denials of motions for rehearing or reconsideration under an abuse of discretion standard. *See Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001). Where such a denial is "made without a rational explanation," *Douglas v. INS,* 28 F.3d 241, 243 (2d Cir.1994), or "is devoid of any reasoning," *Ke Zhen Zhao,* 265 F.3d at 93, we will reverse. Here, the BIA's summary affirmance of the IJ's decision made no mention whatsoever of Lin's motion for rehearing, and we are therefore unable to discern on what basis the motion was denied, or if it was considered at all. Accordingly, we think it appropriate to vacate the BIA's disposition of Lin's motion for consideration of his CAT claim, and to remand that motion to the BIA to develop a record of consideration of its merits. *See Alvarado–Carillo v. INS,* 251 F.3d 44, 47 (2d Cir.2001).

We have considered all of Lin's claims and, except as otherwise noted in this order, conclude that they are without merit. Accordingly, with respect to Lin's asylum and withholding of removal claims presented to the IJ, the petition for review is DENIED. With respect to Lin's motion for remand for consideration of a CAT withholding claim, we grant the petition for review, VACATE the decision of the BIA, and REMAND the case to the BIA for further proceedings consistent with this opinion.