**XI–FANG LIN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondent.**

**No. 06–4411–ag.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2007.

**230**

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

Kathryn L. Deangelis, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xi–Fang Lin, a citizen of the People's Republic of China, seeks review of an August 31, 2006 order of the BIA affirming the March 11, 2005 decision of Immigration Judge ("IJ") Noel Anne Ferris, denying her application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Xi–Fang Lin,* No. A78 471 861 (B.I.A. Aug. 31, 2006), *aff'g* No. A78 471 861 (Immig. Ct. N.Y. City Mar. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms the IJ's decision but rejects some of the IJ's reasoning, this Court reviews the IJ's decision as modified by the BIA, i.e., "minus the ... argument[s] for denying relief that [were] rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005).

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004) (overruled on other grounds). We generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ Despite Lin's arguments to the contrary, we assume that the agency found the record of her airport and credible fear interviews to be reliable, as both the IJ and the BIA utilized the documents in assessing Lin's credibility. Upon close examination, we agree that the documents were reliable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). The records of both Lin's airport and credible fear interviews were written in transcript form, and appear to be a verbatim account of the statements she made. The questions asked were designed to elicit her claim and there is no indication of any reluctance on Lin's part to answer the questions posed. Furthermore, Lin confirmed that she could understand the questions the immigration officers asked her in both interviews. In addition, there is no indication in the responses Lin gave that might indicate that she misunderstood the questions she was asked. Moreover, the IJ properly rejectioned Lin's assertions that she could not understand Mandarin, where she specifically stated during her credible fear interview that Mandarin was the language she spoke. Accordingly, the agency reasonably relied on the state-

ments Lin made in both her credible fear and airport interviews in reaching an adverse credibility determination. *Ramsameachire,* 357 F.3d at 179.

Here, as both the IJ and BIA noted, Lin's statements regarding the number of times she was arrested were inconsistent. Lin stated at her airport interview that she was "not arrested." At her credible fear interview, however, she stated that she was "arrested 3 times." And at her asylum hearing, Lin testified that she was arrested "only once." These inconsistencies go to the heart of Lin's claims and thus provide substantial evidence to support the IJ's adverse credibility determination. Moreover, where an inconsistency is dramatic, the agency may rely on it without first soliciting an explanation from the applicant. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Nevertheless, the IJ did give Lin such an opportunity, and reasonably rejected her explanations. Accordingly, to the extent it was affirmed by the BIA, the adverse credibility determination was proper.

We further find that substantial evidence supports the IJ's conclusion that Lin's alleged fear of forced sterilization was speculative, where she has only one child and was therefore not in violation of the family planning policy. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005) (per curiam).[1]

In addition, we decline to reach Lin's claim that she will suffer persecution because she will be forced to have an IUD inserted. Where an issue is not properly presented to an IJ, it is not "ripe for review" in this Court unless the BIA "ap-

parently excus[ed][the] failure to raise the issue previously." *Douglas v. INS,* 28 F.3d 241, 245 (2d Cir.1994) (quoting *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994)). Here, Lin failed to assert before the IJ that she would be subjected to a forced IUD insertion if she were removed to China. Although Lin raised the argument to the BIA, it gave no indication that it had excused her failure to raise the issue previously. Accordingly, the issue is not properly before this Court.

Furthermore, substantial evidence supports the IJ's finding that Lin had failed to establish that it was more likely than not that she would suffer torture in China because she emigrated from the country illegally. As the IJ noted, Lin was never "punished in any excessive manner," and her claim was "not supported by the background evidence." The State Department's 2004 Profile of Asylum Claims indicates, *inter alia,* that "U.S. officials in China have not confirmed any cases of abuse of persons returned to China from the United States for illegal entry." Thus, absent evidence of torture for someone in Lin's "particular alleged circumstances," we agree that she failed to establish that it is more likely than not that she would suffer torture in China. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

Nevertheless, Lin need not show that she will be singled-out for mistreatment if she has established that she is Catholic, and that there is a pattern and practice of persecution against Catholics in China. *See* 8 C.F.R.

---

1. We also note that Lin's reliance on our holding in *Shou Yung Guo v. Gonzales* is misplaced. In *Guo,* we remanded a petitioner's family planning claim to the BIA because it had ignored certain documents in the record that might establish the existence of an official policy of forced sterilization in Fujian

Province. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006). However, more recently, we have noted that we will not remand to the BIA for the consideration of new evidence where, as here, such evidence is not in the record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007).

§ 1208.13(b)(2)(iii)(A), (B). As Lin argues, the BIA's affirmance of the IJ's adverse credibility determination does not appear to have extended to her assertion that she is Catholic. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000) (holding that the agency must make specific credibility findings). We have held that "an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible.*" *Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006). The BIA never addressed whether Lin established that she is Catholic or that there is a pattern and practice of persecution against Catholics in China—and these issues are independent of the testimony that the BIA found not to be credible. Accordingly, we remand for the agency to address these issues in the first instance. *See Jian Hui Shao v. BIA,* 465 F.3d 497, 501 (2d Cir.2006). On remand, the BIA should determine (1) whether Lin established that she is Catholic; and (2) whether Lin presented sufficient background evidence to establish a pattern or practice of persecution against Catholics in China.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the BIA's August 31, 2006 order is VACATED in part, and the case is REMANDED to the BIA for proceedings consistent with this opinion. Petitioner's pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).