15-1182
Shi v. Lynch

BIA
A201 126 207

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand sixteen.

PRESENT:
      ROBERT D. SACK,
      RICHARD C. WESLEY,
      PETER W. HALL,
         *Circuit Judges.*

_____

RUI JUN SHI,
      *Petitioner,*

      v.                        **15-1182**
                                       **NAC**

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Keith S. Barnett, New York, New York.

FOR RESPONDENT:      Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Song Park, Senior Litigation Counsel; Michele Y. F. Sarko, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rui Jun Shi, a native and citizen of the People's Republic of China, seeks review of a March 19, 2015, decision of the BIA denying his motion to reopen his removal proceedings. *In re Rui Jun Shi,* No. A201 126 207 (B.I.A. Mar. 19, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). A motion to reopen proceedings may be filed no later than 90 days after the date on which the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7) (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Shi's February 2015 motion to reopen was untimely because the final administrative order of removal was issued in 2013. The time limitation does not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was

2

not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Shi argues that the BIA should have granted reopening based on his recent conversion to Christianity. However, it is well-settled that changed personal circumstances alone may not excuse a late motion. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-274 (2d Cir. 2006).

The BIA's conclusion that Shi failed to show a material change in China's treatment of underground church members is supported by substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). The 2009 State Department report, in evidence at Shi's 2012 merits hearing, states that the Chinese government repressed underground religious activity, but that religious freedom was increasing in many areas. The 2013 International Religious Freedom Report, which Shi submitted with his motion, reports arrests and prosecutions of some religious believers, and a 2013 congressional report noted two raids on house churches in Shi's home province. However, the State Department's 2013 report also indicated that some house church members have more freedom than in the past.

In any event, neither the State Department nor congressional reports indicate that there has been a material increase in China's overall repression of house church members.  *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 257 (BIA 2007) (explaining that an "incremental" change in conditions is insufficient to show changed conditions on reopening).  Under these circumstances, the BIA did not err in finding no materially changed country conditions excusing Shi's untimely motion.  8 U.S.C. § 1229a(c)(7)(C)(ii); *Jian Hui Shao*, 546 F.3d at 169.

Shi presents two additional arguments.  He relies on several unpublished BIA decisions granting motions to reopen of non-citizens who converted to Christianity after they were ordered removed to China, arguing that the BIA impermissibly departed from those decisions.  However, we will not rely on unpublished BIA decisions as precedent.  *Douglas v. INS*, 28 F.3d 241, 245 (2d Cir. 1994) (relying on 8 C.F.R. § 3.1, redesignated as 8 C.F.R. § 1003.1 (2003)).  Finally, Shi argues generally that the BIA should have reopened his case sua sponte.  However, we lack jurisdiction to review the BIA's decision not to reopen sua sponte because it is entirely discretionary.  *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk