17-2673
*Schroeter v. Whitaker*

BIA
Straus, IJ
A205 497 474

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 8th day of January, two thousand nineteen.

Present:     ROBERT A. KATZMANN,
                    *Chief Judge*,
             DENNY CHIN,
                    *Circuit Judge*,
             JEFFREY A. MEYER,
                    *District Judge*.[*]

_____

LEON MICHAEL SCHROETER, aka Leom Schroeter,

                    *Petitioner*,

                    v.                                    No. 17-2673

MATTHEW G. WHITAKER, Acting United States
Attorney General,

                    *Respondent.*

_____

For Petitioner:          Gregory Osakwe, Law Offices of Gregory C. Osakwe, Hartford, CT.

_____

         [*] Judge Jeffrey A. Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

For Respondent:        Stefanie A. Svoren-Jay, Trial Attorney, Office of Immigration
                       Litigation, *for* Joseph H. Hunt, Assistant Attorney General, Civil
                       Division, John S. Hogan, Assistant Director, Office of Immigration
                       Litigation, United States Department of Justice, Washington, DC.

For Amicus Curiae:     Caitlin J. Halligan (William J. Moccia, Lee R. Crain, *on the brief*),
                       Gibson, Dunn & Crutcher LLP, New York, NY.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration

Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the

petition is **DENIED** in part and **DISMISSED** in part.

Petitioner Leon Michael Schroeter, a native and citizen of Jamaica, seeks review of an

August 21, 2017 decision of the BIA affirming a November 29, 2016 decision by an Immigration

Judge ("IJ") denying Schroeter's application for adjustment of status under 8 U.S.C. § 1255(a),

as the beneficiary of an approved Form I-130, Petition for Alien Relative, filed on his behalf by

his wife, who is a naturalized United States citizen. *In re Leon Michael Schroeter*, No. A205 497

474 (B.I.A. Aug. 21, 2017), *aff'g* No. A205 497 474 (Immig. Ct. Hartford Nov. 29, 2016). We

assume the parties' familiarity with the underlying facts and the procedural history in this case.[1]

The agency found that Schroeter was ineligible for adjustment of status because he made

a material misrepresentation at his merits hearing before the IJ. Specifically, Schroeter initially

denied having had sexual contact with M.P., the 17-year-old complainant in criminal

proceedings in which Schroeter was charged with, and then acquitted of, sexual assault.

Schroeter later admitted that he and M.P. had engaged in some sexual contact. The IJ concluded,

and the BIA agreed, that this misrepresentation was material because Schroeter "intended to

prevent the [immigration] [c]ourt from considering his sexual conduct with a minor in

---

[1] At the Court's request, Caitlin J. Halligan served as amicus curiae. We appreciate the very constructive contributions of Ms. Halligan and her colleagues at the firm of Gibson, Dunn & Crutcher LLP.

determining whether his application [for adjustment of status] should be granted as a matter of discretion." App. 68; *see also* Special App. 2 n.1 ("[Schroeter's] misrepresentation . . . was capable of influencing the Immigration Judge's decision whether to grant adjustment of status in discretion."). The IJ further found that Schroeter was ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(i) because he failed to demonstrate that his wife would experience extreme hardship were he deported.

We review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). To the extent that we have jurisdiction, we review constitutional claims and questions of law *de novo*, *see Guo Qi Wang v. Holder*, 583 F.3d 86, 90 (2d Cir. 2009), and "an agency's factual findings under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,'" *Emokah v. Mukasey*, 523 F.3d 110, 116 (2d Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)). Our review of the agency's discretionary denial of a waiver of inadmissibility under 8 U.S.C. § 1182(i) is limited to constitutional claims and questions of law. *See* 8 U.S.C. §§ 1182(i)(2), 1252(a)(2)(B), (D); *see also Ahmed v. Holder*, 624 F.3d 150, 153-54 (2d Cir. 2010).

Under 8 U.S.C. § 1255(i)(2), the agency may adjust the status of applicants who are both "eligible to receive an immigrant visa" and "admissible to the United States for permanent residence" to that of lawful permanent resident. An applicant is inadmissible if he or she, "by fraud or willfully misrepresenting a material fact, seeks to procure . . . [an immigration] benefit." 8 U.S.C. § 1182(a)(6)(C)(i). However, the agency may in its discretion waive inadmissibility based on a material misrepresentation "in the case of an immigrant who is the spouse, son, or daughter of a United States citizen . . . if it is established . . . that the refusal of admission to the

3

United States of such immigrant alien would result in extreme hardship to the citizen . . . spouse or parent of such an alien." 8 U.S.C. § 1182(i)(1). Obtaining a discretionary waiver of inadmissibility involves a two-step process: the noncitizen must prove statutory eligibility, and if that is satisfied, the agency decides whether to grant or deny the waiver as a matter of discretion. *See In re Mendez-Moralez*, 21 I. & N. Dec. 296, 301 (B.I.A. 1996).

*First*, the BIA did not err in finding that Schroeter's misrepresentation was material and made to procure an immigration benefit.[2] A misrepresentation is material "if it has a natural tendency to influence or was capable of influencing, the decision of the decisionmaking body to which it was addressed." *Emokah*, 523 F.3d at 117 (internal citation and quotation marks omitted). In deciding whether to grant or deny discretionary relief, such as adjustment of status, the agency may consider conduct underlying criminal charges even if the charges do not result in a conviction. *See Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir. 2006) (per curiam) (declining "to prevent an IJ or the BIA from considering an applicant's anti-social conduct—whether leading to a conviction, a Youthful Offender Adjudication, or no legal judgment whatsoever—as an adverse factor in evaluating an application for discretionary relief."). Moreover, the agency, in its discretion, may consider some non-criminal conduct that, like the conduct here, is not constitutionally protected. *Cf.* 8 U.S.C. § 1101(f) (precluding a finding of good moral character where a person is a "habitual drunkard"). This is not an instance of the agency considering "[p]rivate sexual conduct between consenting adults." *Yepes-Prado v. U.S. INS.*, 10 F.3d 1363, 1368 (9th Cir. 1993), as amended (Nov. 12, 1993). Indeed, although Schroeter's contact with M.P. was not illegal in Connecticut, it would have been illegal in several other states, where the

---

[2] Although Schroeter did not raise the issue of materiality before the BIA, the issue is properly before us because "the BIA in fact addressed the merits [of the argument] and never clearly stated that the issue was waived." *Douglas v. INS*, 28 F.3d 241, 245 (2d Cir. 1994).

4

age of consent is eighteen in at least some cases. *See, e.g.*, Ariz. Rev. Stat. § 13-1405(A); Cal. Penal Code §§ 261.5(a), (c); Del. Code Ann. tit. 11 § 770(a)(2); Fla. Stat. Ann. § 794.05(1); Ky. Rev. Stat. § 510.020(3)(b); Or. Stat. § 163.435; Tenn. Code Ann. § 39-13-506(a)-(c); Utah Code Ann. § 76-5-406(11); Wis. Stat. Ann. §§ 948.01(1), 948.09; *see also Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1571 (2017) (noting that ten states set the age of consent at eighteen when the Immigration and Nationality Act was amended to make "sexual abuse of a minor" an aggravated felony).

Nor is there any basis to reverse the agency's conclusion that Schroeter misrepresented his relationship with M.P. to procure an immigration benefit. Because we must defer to the agency's credibility determinations, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal citation and quotation marks omitted). The agency was not compelled to credit Schroeter's explanation that he provided this false testimony to protect his daughter who was in the courtroom, since Schroeter knew his daughter could be asked to leave and waited until the government presented conflicting evidence at a subsequent hearing to retract and explain his prior false testimony.

*Second*, the agency did not err in concluding that, even if statutorily eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(i), Schroeter did not warrant a waiver as a matter of discretion. We lack jurisdiction to consider Schroeter's argument that the IJ did not "properly assess" the equities of his substantial hardship claim because this argument does not raise colorable constitutional claims or questions of law. *See* 8 U.S.C. §§ 1182(i)(2), 1252(a)(2)(B), (D); *Zhang v. Gonzales*, 457 F.3d 172, 175-76 (2d Cir. 2006). Schroeter's second challenge on

this score—that the IJ committed a legal error by not considering the effect that deportation would have on Schroeter's daughter—also fails. Because the relevant provision requires that the petitioner demonstrate that his or her "spouse or parent" will endure extreme hardship, 8 U.S.C. § 1182(i)(1), Schroeter's daughter is not a qualifying relative for the purpose of a 212(i) waiver application.

For the foregoing reasons, the petition is **DENIED** in part and **DISMISSED** in part.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK