101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Orville Lloyd HUNTER, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-4227.
 United States Court of Appeals, Second Circuit.
 June 6, 1996.
 
 Petition for review from the Board of Immigration Appeals.
 B.I.A.
 REVIEW DENIED.
 Orville Lloyd Hunter, pro se, Bronx, NY, for Petitioner.
 Diogenes P. Kekatos, Asst. U.S. Atty., New York, NY, for Respondent.
 Before NEWMAN, Chief Judge, JACOBS and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the Board of Immigration Appeals and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is hereby DENIED.
 
 
 3
 Orville Lloyd Hunter petitions for review pro se of the September 1995, order of the Board of Immigration Appeals affirming the denial of his application for discretionary relief from deportation pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).
 
 
 4
 The Government urges us to dismiss the appeal for lack of appellate jurisdiction, contending that section 440(a) of the recently enacted Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), precludes review of an order of deportation by any court. Since the scope and retroactive effect of the AEDPA are far more substantial matters than the merits of this particular petition for review, we will assume, for the argument, that we have jurisdiction over Hunter's petition and adjudicate it. See Browning-Ferris Industries v. Muszynski, 899 F.2d 151, 154-60 (2d Cir.1990).
 
 
 5
 Our limited task in reviewing denials of discretionary relief from orders of deportation is only to determine whether the BIA fairly assessed all of the relevant circumstances. See Lovell v. INS, 52 F.3d 458 (2d Cir.1995); Zaluski v. INS, 37 F.3d 72, 74 (2d Cir.1994). In the pending matter, the BIA and the Immigration Judge considered the family and other circumstances favoring Hunter and concluded that they were outweighed by his lengthy criminal history. Through that record stems essentially from Hunter's drug addiction, which he now appears to have conquered, we cannot say that the decision to deny discretionary relief is beyond the authority of the BIA.
 
 
 6
 THe petition for review is denied.