11-2771
Zheng v. Holder

BIA
Nelson, IJ
A088 533 474

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand twelve.

PRESENT:
>      DENNIS JACOBS,
>           *Chief Judge,*
>      JON O. NEWMAN,
>      PIERRE N. LEVAL,
>           *Circuit Judges.*

_____

YUNLING ZHENG,
>      *Petitioner,*

v.                                           11-2771
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Anh-Thu P. Mai-Windle,
                         Senior Litigation Counsel; Ann M.

05212012-30

**Welhaf, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yunling Zheng seeks review of a June 17, 2011, decision of the BIA that affirmed the August 13, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson that: (1) denied her motion to change venue; (2) pretermitted her asylum application as untimely; and (3) denied on the merits asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yunling Zheng*, No. A088 533 474 (B.I.A. June 17, 2011), *aff'g* No. A088 533 474 (Immig. Ct. N.Y. City Aug. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Monter v. Gonzales*, 430 F.3d 546, 558-59 (2d Cir. 2005); *see also Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

An IJ may grant a change of venue "for good cause[, which] . . . is determined by balancing such factors as administrative convenience, the alien's residence, the location of witnesses, evidence and counsel, expeditious treatment of the case, and the cost of transporting witnesses and evidence to a new location." *Monter*, 430 F.3d at 559 (quoting *Lovell v. INS*, 52 F.3d 458, 460 (2d Cir. 1995) and citing 8 C.F.R. § 1003.20(b)).  The agency did not abuse its discretion in finding that Zheng failed to demonstrate good cause for her motion to change venue as it reasonably explained that she did not persuasively demonstrate her new residence, she had previously been granted a venue change, and she admitted that she was in New York several days each month.[*]  *See id.; see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

We need not reach Zheng's challenge to the agency's pretermission of her asylum application as untimely because

_____

[*]We do not consider the government's contention that we lack jurisdiction to consider the IJ's entirely discretionary decision to deny a motion to change venue, assuming hypothetical jurisdiction to consider Zheng's challenge to the denial of her motion because the "jurisdictional issues are complex and the substance of the claim is . . . plainly without merit." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 (2d Cir 2006).

the agency's alternative denial of that form of relief was dispositive of her claim.  Zheng sought relief from removal based on her assertion that she fears persecution because she has had more than one child in the United States, which they contend is in violation of China's population control program and because she is a member of the Chinese Democracy Party ("CDP") in the United States.  For largely the same reasons as this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008), we find no error in the agency's denial of asylum, withholding of removal, and CAT relief insofar as those claims were based on Zheng's family planning claim.  *See id.* at 158-72.

Furthermore, the agency did not err in finding that Zheng had not established her eligibility for relief based on her CDP claim because she failed to demonstrate that the Chinese government was aware of, or likely to become aware of, her membership in the CDP.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).  "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected."  *Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009)

(citing *Diallo v. INS*, 232 F.3d 279, 285-86 (2d Cir. 2000)). The agency reasonably found that Zheng's testimony regarding her assertion that authorities were aware of her CDP membership was not sufficiently credible or persuasive to carry her burden of proof and required reasonably available corroborating evidence. *See id.; see also* 8 U.S.C. § 1158(b)(1)(B)(i). Moreover, the agency did not err in finding that Zheng failed to provide reasonably available corroborating evidence from her mother. *See Chuilu*, 575 F.3d at 196-98.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Zheng's motion for a stay of removal in connection with this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

05212012-30

5