11-3316-ag
Ye v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of September, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         DENNY CHIN,
         SUSAN L. CARNEY,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -x

MING FENG YE,
         <u>Petitioner</u>,

         -v.-                                    11-3316-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         <u>Respondent</u>.

- - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:          Norman Kwai Wing Wong, New York, New
                         York.

FOR RESPONDENT:          Tony West, Assistant Attorney General;
                         Keith I. McManus, Senior Litigation
                         Counsel; Jessica E. Sherman, Trial
                         Attorney, Office of Immigration
                         Litigation, United States Department of
                         Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a

Board of Immigration Appeals ("BIA") decision, it is hereby

ORDERED, ADJUDGED, AND DECREED that the petition for review is

DENIED.

Ming Feng Ye, a native and citizen of the People's Republic of China, seeks review of a July 21, 2011, order of the BIA, affirming the September 9, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Ming Feng Ye, No. A094 938 704 (B.I.A. July 21, 2011), aff'g No. A094 938 704 (Immig. Ct. N.Y. City Sept. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I.   Asylum, Withholding of Removal, and CAT Relief

Under the circumstances of this case, we review both the IJ's and BIA's decisions. See Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. See 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009).

### A.   Falun Gong Claim

The agency reasonably determined that Ye failed to establish that he suffered past persecution, as Ye testified that he was never arrested, detained, or otherwise physically mistreated in China for having distributed Falun Gong flyers. See Matter of Acosta, 19 I. & N. Dec. 211, 222 (BIA 1985) (defining persecution as "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"); see also Ivanishvili v. U.S. Dep't of Justice, 433 F.3d 332, 341 (2d Cir. 2006) (holding alleged harm must be sufficiently severe, rising above "mere harassment," to constitute persecution).

The agency also reasonably found that Ye failed to

establish a well-founded fear of persecution because Ye did not present any evidence indicating that Chinese authorities were, or could become, aware that he had worked for an underground Falun Gong organization and distributed flyers on its behalf, or that Chinese authorities perceived him to be a practitioner of Falun Gong. See Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir. 2008).

**B.   Christianity Claim**

We further find that the agency reasonably determined that Ye failed to establish a pattern or practice of persecution of Christians similarly situated to him, or to meet his burden in demonstrating a well-founded fear of future persecution based on a pattern or practice of persecution of house church members in China. See Mufied v. Mukasey, 508 F.3d 88, 91 (2d Cir. 2007); In re A--M--, 23 I. & N. Dec. 737, 741 (BIA 2005) (indicating a pattern or practice of persecution of a group must be systemic, pervasive, or organized).

Here, both the IJ and BIA expressly referenced the 2008 U.S. Department of State International Religious Freedom Report in the record, which indicated that the Chinese government has targeted Christian house church groups, but the degree of government interference and harassment varied depending on the house church group's size and the region in which it was located, such that small, private groups encountered less governmental interference. As the IJ noted, the country conditions evidence did not establish a pattern or practice of persecution of members of house churches in Ye's home province of Fujian. See Mufied, 508 F.3d at 91; In re A--M--, 23 I. & N. at 741. Additionally,

-3-

as the IJ observed, the country conditions evidence predominantly reflected ongoing harassment of church leaders, pastoral officials, and prominent Christian activists, and not laypersons, such as Ye. Where the agency's determination that an individual did not establish a pattern or practice of persecution is supported by background materials, the agency has provided a "sufficient basis" for its conclusion. See Santoso v. Holder, 580 F.3d 110, 111–12 n.1 (2d Cir. 2007).

Finally, the agency did not err in denying withholding of removal and CAT relief, as those claims shared the same factual predicate as Ye's asylum claim. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006).

## II.  Due Process Claims

Ye failed to demonstrate that the IJ deprived him of a "full and fair opportunity to present [his] claims," Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir. 2007), by denying his:  (1) request to change venue for the second time, from New York to Indiana; (2) motion for a continuance; (3) attorney's request to withdraw as counsel of record; and (4) attorney's request to speak with Ye about continuing to represent him.  The merits hearing was scheduled in advance and Ye's attorney stated that he had discussed the case with Ye before the hearing.  Nothing in the record suggests that the IJ prohibited Ye from fully developing his testimony, ignored any of Ye's evidence, or made a determination on issues for which Ye did not have notice or an opportunity to be heard.  See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 336–37 n.17 (2d Cir. 2006) (presuming agency "has taken into account all of the evidence before [it],

-4-

unless the record compellingly suggests otherwise").  Indeed, Ye's minister was permitted to testify by telephone at the hearing.  Additionally, Ye was provided with a translator, understood the IJ's decisions, and stated that he would prefer representation by his attorney rather than proceeding on his own. Finally, Ye failed to demonstrate that he was prejudiced by any of the IJ's decisions at issue.  See Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008).  Ye has not presented any specific evidence indicating that, but for the IJ's denial of venue change, he would have sustained his burden of demonstrating his eligibility for relief.  See Lovell v. INS, 52 F.3d 458, 460 (2d Cir. 1995).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK