Ngassaki v. Holder

BIA
Montante, IJ
A088 935 706

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand thirteen.

PRESENT:
            BARRINGTON D. PARKER,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,
                *Circuit Judges*.

_____

ROMAIN CHRYSOSTOME NGASSAKI,
            *Petitioner*,

            v.                                     12-2430
                                                   NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent*.

_____

FOR PETITIONER:        Lauris Wren, Hofstra Law School
                       Asylum Clinic, Hempstead, NY

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Jennifer
                       Lightbody, Senior Litigation
                       Counsel; Aimee J. Carmichael, Trial
                       Attorney, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case REMANDED to the BIA.

Petitioner Romain Chrysostome Ngassaki, a native and citizen of the Republic of Congo, seeks review of a May 22, 2012, decision of the BIA affirming the June 28, 2010, decision of Immigration Judge ("IJ") Philip J. Montante, which denied his motion to transfer venue to New York, NY and his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Romain Chrysostome Ngassaki,* No. A088 935 706 (B.I.A. May 22, 2012), *aff'g* No. A088 935 706 (Immig. Ct. Buffalo June 28, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of a motion to change venue for abuse of discretion. *See Monter v. Gonzales,* 430 F.3d 546, 558-59 (2d Cir. 2005); *Lovell v. INS*, 52 F.3d 458, 460 (2d Cir. 1995). We find an abuse of discretion here.

2

Ngassaki argues that the BIA abused its discretion because it: (1) relied on a non-existent holding by the IJ; (2) erroneously found that there was no good cause for the transfer; and (3) erroneously found that he was not prejudiced by the denial.  First, the BIA's conclusion that the IJ did not err in rejecting Ngassaki's motion to transfer venue for failure to follow the rules relies on the IJ's finding as to Ngassaki's April 2009 motion, not his subsequently filed July 2009 motion upon which his appeal was based.  Although a mischaracterization of the record may not constitute an abuse of discretion where it is clear that the BIA thoroughly reviewed the record and determined, in a sufficient exercise of discretion, that a venue transfer was not warranted, *see Lovell*, 52 F.3d at 460, there is no indication that the BIA made such a thorough review of the record before upholding the denial of venue transfer.

Even assuming, however, that the BIA did consider the good cause factors, its conclusion that those factors failed to establish good cause constitutes an abuse of discretion. *See Monter*, 430 F.3d at 559; *Lovell*, 52 F.3d at 461. Similar to *Monter*, Ngassaki has shown that he resided in the desired venue along with all of his witnesses and his

3

counsel, who was unable to represent him in the original venue. Moreover, he has demonstrated that the government did not oppose the transfer. Finally, as to prejudice, the agency's conclusory finding that "there was no due process violation" is insufficiently detailed for us to review its findings and therefore constitutes an abuse of discretion. "When faced with cursory, summary or conclusory statements from the BIA, we cannot presume anything other than . . . an abuse of discretion, since the BIA's denial of relief can be affirmed only the basis articulated in the decision . . . and we cannot assume that the BIA considered factors that it failed to mention in its decision." *Anderson v. McElroy*, 853 F.2d 803, 806 (2d Cir. 1992)(citations and quotations omitted); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) ("An abuse of discretion may be found . . . where the [BIA's] decision . . . is devoid of any reasoning, or contains only summary or conclusory statements . . . .").

Nor can we be confident that Ngassaki suffered no prejudice, given the effect that the denial of the venue transfer may have had on the IJ's credibility determination. Specifically, the BIA upheld the credibility determination

4

primarily due to inconsistencies between Ngassaki's testimony and that of his witnesses, who appeared only by telephone or affidavit. The location of the proceedings thus may have affected the adverse credibility determination. This concern is particularly acute given the IJ's statements questioning the credibility of a critical witness - including his concerns that she was relying on documentation rather than speaking from memory during her telephonic testimony - and unavailability of other witnesses. Because we cannot know whether the credibility determination would survive the BIA's review if all appropriate factors were fully considered, we remand to allow the BIA to determine in the first instance whether Ngassaki was prejudiced by the arbitrary denial of the requested change of venue.

For the foregoing reasons, the petition for review is GRANTED and the proceedings remanded to the BIA for further consideration of the motion to change venue and for any additional necessary proceedings consistent with this order.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

5