*Lee v. Lynch*

BIA
Straus, IJ
A097 513 105

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand fifteen.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> REENA RAGGI,
> *Circuit Judges.*

_____

MI YOUNG LEE,
> *Petitioner,*

> v.                                                    14-2321
>                                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        David K. S. Kim, Flushing, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Acting Assistant
                       Attorney General; Douglas E.
                       Ginsburg, Assistant Director; Derek
                       C. Julius, Senior Litigation

Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mi Young Lee, a native and citizen of South Korea, seeks review of a May 28, 2014, decision of the BIA affirming a May 21, 2013, decision of an Immigration Judge ("IJ") denying Lee's motion to change venue and ordering her removed. *In re Mi Young Lee,* No. A097 513 105 (B.I.A. May 28, 2014), *aff'g* No. A097 513 105 (Immig. Ct. Hartford May 21, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case. Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

**Change of Venue**

We review the denial of a motion to change venue for abuse of discretion. *Monter v. Gonzales*, 430 F.3d 546, 558-59 (2d

2

Cir. 2005); *Lovell v. INS*, 52 F.3d 458, 460 (2d Cir. 1995). "An IJ may grant a change of venue 'for good cause' upon a motion by a party." *Monter*, 430 F.3d at 559 (quoting 8 C.F.R. § 1003.20(b)). "Even if an IJ abuses his or her discretion, 'an incorrect decision . . . would entitle petitioner to a remand only if he could show that it caused him prejudice.'" *Id*. (internal brackets omitted) (quoting *Lovell*, 52 F.3d at 461). "In order to demonstrate prejudice, petitioner must show that the denial of the venue change affected either the outcome or the overall fairness of the . . . proceeding." *Lovell*, 52 F.3d at 461.

Lee cannot show that the IJ's denial of the motion to change venue prejudiced her. Although she was given an opportunity to do so, she did not contest her removability or apply for any relief from removal. Accordingly, as the IJ noted, there was nothing to be done but enter the order of removal: whether the removal order was entered in Hartford or New York City would not change the outcome of the case. *See id*.

Because Lee was not prejudiced by the denial of her motion to transfer venue, she was not denied due process. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

3

**Administrative Closure**

We review the BIA's denial of administrative closure for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (holding that we retain jurisdiction to review the agency's denial of a continuance for abuse of discretion); *see also Vahora v. Holder*, 626 F.3d 907, 918-19 (7th Cir. 2010) (concluding that the denial of administrative closure is "most closely akin" to the denial of a continuance and thus should be reviewed for abuse of discretion).

Lee claims that she asked the IJ to administratively close proceedings. She did not: Lee requested prosecutorial discretion and when the IJ explained that the Department of Homeland Security no longer had jurisdiction to exercise its prosecutorial discretion, she did not then ask the IJ to administratively close proceedings. The BIA noted that Lee had not asked the IJ for administrative closure and then addressed her request in the first instance.

Lee stated that she was requesting administrative closure because if the Comprehensive Immigration Reform bill passed, she would be eligible for lawful status. While the BIA may have erred in stating that Lee had not offered a reason as to why

4

administrative closure was being sought, it nonetheless appropriately considered the relevant factors. It noted that DHS opposed closure because Lee had a criminal record, Lee had no visa petitions or other applications for relief pending, there was no anticipated end to the proposed administrative closure, and no outcome other than removal was anticipated. *See Matter of Avetisyan*, 25 I. & N. Dec. 688, 696 (B.I.A. 2012). The BIA thus did not abuse its discretion in denying administrative closure.

Lee argues that the BIA erred because it engaged in fact-finding to deny administrative closure, rather than remanding her case to the IJ to consider in the first instance. While the BIA may not engage in fact-finding in the course of deciding appeals, 8 C.F.R. § 1003.1(d)(3)(iv), Lee did not ask the IJ for administrative closure and was not appealing the denial of that request. Rather, she was asking the BIA in the first instance to administratively close proceedings. Administrative closure "is available to an Immigration Judge and the Board" and "is used to temporarily remove a case from an Immigration Judge's active calendar or from the Board's docket"; thus, the BIA did not err in considering the request

for administrative closure in the first instance. *Matter of Avetisyan*, 25 I. & N. Dec. at 692.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6