Clarke v. Lynch

BIA
Montante, IJ
A200 810 429

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>CORRECTED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand sixteen.

PRESENT:
>   ROBERT A. KATZMANN,
>       *Chief Judge*,
>   ROBERT D. SACK,
>   RAYMOND J. LOHIER, JR.,
>       *Circuit Judges.*

_____

MICHAEL ANTHONY CLARKE,

>   *Petitioner*,

>   v.                                              **14-2651**

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,

>   *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | SERGEI OREL, (S. Michael Musa-Obregon, on the brief), Maspeth, New York. |
| **FOR RESPONDENT:** | JOSEPH A. O'CONNELL, Attorney (Benjamin C. Mizer, Principal Deputy Assistant |

Attorney General; Cindy S. Ferrier, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Michael Anthony Clarke, a native and citizen of Jamaica, seeks review of a June 25, 2014, decision of the BIA affirming the June 17, 2013, decision of an Immigration Judge ("IJ") ordering that Clarke be removed to Jamaica. *In re Michael Anthony Clarke*, No. A200 810 429 (B.I.A. June 25, 2014), *aff'g* No. A200 810 429 (Immig. Buffalo June 17, 2013). In his petition for review, Clarke argues that the IJ erred in denying Clarke's motion to change venue or, in the alternative, to continue the removal proceedings. Clarke also asks this Court to remand to allow the BIA to hear new evidence related to Clarke's marriage to a United States citizen during the pendency of this petition. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a request for a change of venue or a continuance for abuse of discretion. *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006); *Monter v. Gonzales*, 430 F.3d 546, 558 (2d Cir. 2005). To secure a remand, a petitioner challenging such a denial must demonstrate not only that the IJ abused its discretion,

2

but also that the denial prejudiced the petitioner.  *See Lovell v. INS*, 52 F.3d 458, 460-61 (2d Cir. 1995).

Even assuming, *arguendo*, that the IJ abused its discretion in denying Clarke's motion, we agree with the BIA that Clarke has failed to show any prejudice.  Clarke sought a venue change to facilitate the presentation of evidence.  However, because Clarke admitted that he was removable, there was no need for the Immigration Court to hear any evidence unless and until an I-360 visa petition that Clarke had filed was granted, a necessary step in Clarke's effort to be reclassified as a lawful permanent resident.  Clarke's petition, which was decided by the United States Citizenship and Immigration Services, not the Immigration Court, was ultimately denied.  Thus, the Immigration Court's refusal to grant a venue change could not have prejudiced Clarke.  Similarly, Clarke sought a continuance to allow him to await a final decision on his I-360 visa petition.  Here, too, the denial of the petition precludes any finding of prejudice.

We also reject Clarke's request that we remand these proceedings to allow the BIA to take additional evidence related to Clarke's recent marriage to a United States citizen.  We lack any statutory authority to order the taking of additional evidence.  *See* 8 U.S.C. § 1252(a)(1).  Furthermore, to the extent that we retain any

> inherent power to remand for additional fact-finding in agency cases that present extraordinary and compelling circumstances[,] . . . the exercise of such an inherent power is not warranted if . . . : [i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the

3

> agency regulations set forth procedures to reopen a case
> before the BIA for the taking of additional evidence.

*Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007).  Here, to start, there is nothing extraordinary or compelling about Clarke's case, which was commenced in September 2010 and is only still pending as a result of numerous postponements ordered for Clarke's benefit. Additionally, the evidence of Clarke's marriage was not before the BIA, and agency regulations provide an avenue for Clarke to seek to reopen the proceedings below.  *See* 8 C.F.R. § 1003.2(c)(3)(iii); *see also Xiao Xing Ni*, 494 F.3d at 271 ("The ability of a particular petitioner to *successfully* reopen proceedings in the agency does not bear on the question." (emphasis in original)).*

    For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

* Having rejected Clarke's request for a remand, we dismiss the government's motion to strike the extra-record evidence Clarke has submitted with his brief as moot.