Quammie v. Garland

BIA
Driscoll, IJ
A204 758 988

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty-four.

PRESENT:
> **DENNIS JACOBS,**
> **MICHAEL H. PARK,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

MATTHEW JOEL ERIC QUAMMIE,
> *Petitioner*,

> v.                                                                   **23-6698**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               Steven Haskos, Law Office of Craig Relles, White Plains, NY.

FOR RESPONDENT:               Brian M. Boynton, Principal Deputy Assistant

Attorney General, Patrick J. Glen, Senior Litigation Counsel, Papu Sandhu, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Matthew Joel Eric Quammie, a native and citizen of Trinidad and Tobago, seeks review of a June 20, 2023 decision of the BIA that dismissed his appeal of a December 12, 2022 decision of an Immigration Judge ("IJ") ordering his removal and deeming abandoned his application to adjust status under 8 U.S.C. § 1255(a). *In re Matthew Joel Eric Quammie*, No. A204 758 988 (B.I.A. June 20, 2023), *aff'g* No. A204 758 988 (Immigr. Ct. Batavia Dec. 12, 2022). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Our jurisdiction to review the denial of adjustment of status under § 1255(a) is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D). We have jurisdiction to review Quammie's due process claim, including the underlying question of law regarding his eligibility for adjustment of status. *See Ud Din v. Garland*, 72 F.4th 411, 418 (2d Cir. 2023); *Henriquez v. Sessions*, 890 F.3d 70, 71–72 (2d Cir. 2018). We review this claim de novo. *See Ud Din*, 72 F.4th at 418. We also have jurisdiction to review Quammie's claims that he was improperly denied a continuance

and an administrative closure. *See Sanusi v. Gonzales*, 445 F.3d 193, 198 (2d Cir. 2006). We review these claims for abuse of discretion. *See Roman v. Garland*, 49 F.4th 157, 166 (2d Cir. 2022); *see also Lee v. Lynch*, 623 F. App'x 33, 34 (2d Cir. 2015). We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

Quammie conceded removability for overstaying a visa and sought to apply to adjust to lawful permanent resident status under 8 U.S.C. § 1255(a) through an I-130 alien-relative petition filed on his behalf by his U.S. citizen wife. An IJ deemed the relief abandoned because Quammie did not file the adjustment application form by the deadline set. The BIA upheld that decision, concluding both that Quammie had a fair opportunity to apply for relief, and that he was not eligible to adjust because he had not established admissibility given his New Jersey drug conviction.

"To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted). An alien must also "allege some cognizable prejudice," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (citation and quotation marks omitted), *i.e.*, "that the outcome . . . would have been . . . different" but for the due process violation, *Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir.

3

2010). Likewise, a petitioner challenging the denial of a continuance or administrative closure cannot prevail without showing prejudice. *See Matter of Sibrun*, 18 I. & N. Dec. 354, 356–57 (B.I.A. 1983).

Quammie cannot demonstrate prejudice. To adjust his status, Quammie had to be "admissible to the United States for permanent residence." 8 U.S.C. § 1255(a). But his New Jersey drug conviction renders him inadmissible. *See* 8 U.S.C. § 1229a(c)(4)(A) (placing burden on applicant to demonstrate eligibility for relief from removal).

In 2015, Quammie was convicted under section 2C:35-5(b)(12) of the New Jersey Code of Criminal Justice. Section 2C:35-5(a) of that Code made it "unlawful for any person knowingly or purposely . . . (1) [t]o manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog; or (2) [t]o create, distribute, or possess or have under his control with intent to distribute, a counterfeit controlled dangerous substance." N.J. Stat. Ann. §§ 2C:35-5(a) (2015). Section 2C:35-5(b)(12) then made it unlawful to violate section 2C:35-5(a) with respect to "[m]arijuana in a quantity of less than one ounce" or "hashish in a quantity of less than five grams." N.J. Stat. Ann. § 2C:35-5(b)(12) (2015). That conviction, which required a controlled substance and intent to distribute, makes Quammie inadmissible. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II), (a)(2)(C)(i).

Quammie argues that New Jersey's decriminalization of marijuana in 2021 means that he is no longer inadmissible based on his drug conviction, but such a change in state law has no effect on his conviction for immigration purposes. *See Vasquez v. Garland*, 80 F.4th 422, 434 (2d Cir. 2023); *see also Saleh v. Gonzales*, 495 F.3d 17, 25 (2d Cir. 2007).

We have considered Quammie's remaining arguments and find no basis for remand given his ineligibility for the only relief sought.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5