09-3551-ag
Alaka v. Holder

BIA
Nelson, IJ
A091 581 986

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand eleven.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

OYENIKE ALAKA, ALSO KNOWN AS EVELYN
DEBBIE ANTHONY,
> *Petitioner*,

> v.                                                 09-3551-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, JANET NAPOLITANO,
UNITED STATES DEPARTMENT OF HOMELAND
SECURITY
> *Respondents*.

_____

FOR PETITIONER:          Joseph C. Hohenstein, Philadelphia, Pennsylvania.

FOR RESPONDENTS:         Tony West, Assistant Attorney General; Michelle Gorden Latour,

                              **Assistant Director; P. Michael**
                              **Truman, Trial Attorney, Office of**
                              **Immigration Litigation, United**
                              **States Department of Justice,**
                              **Washington, D.C.**

     UPON DUE CONSIDERATION of this petition for review of a
Board of Immigration Appeals ("BIA") decision, it is hereby
ORDERED, ADJUDGED, AND DECREED, that the petition for review
is DENIED in part and DISMISSED in part.

     Oyenike Alaka, a native and citizen of Nigeria, seeks
review of a July 24, 2009, order of the BIA affirming the
June 27, 2008, decision of Immigration Judge ("IJ") Barbara
Nelson which denied her application for withholding of
removal.  *In re Oyenike Alaka*, No. A091 581 986 (B.I.A. July
24, 2009), *aff'g* No. A091 581 986 (Immig. Ct. N.Y. City,
June 27, 2008).  We assume the parties' familiarity with the
underlying facts and procedural history in this case.

## I.   Jurisdiction

     Insofar as the majority of Alaka's arguments are
concerned, we generally lack jurisdiction to review a final
order of removal of an alien convicted of certain crimes.
We have jurisdiction only to consider constitutional claims
and questions of law, *see* 8 U.S.C. § 1252(a)(2)(C), (D), and
in this latter regard, we "lack jurisdiction to review any
legal argument that is so insubstantial and frivolous as to
be inadequate to invoke federal-question jurisdiction,"
*Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008).
Here, it is undisputed that Alaka was convicted of a crime
involving moral turpitude.  *See Alaka v. Attorney General of
the U.S.*, 456 F.3d 88, 102 n.24 (3d Cir. 2006).  Our
jurisdiction, therefore, is limited strictly to
constitutional claims or questions of law Alaka has raised
in her petition for review.  *See* 8 U.S.C. § 1252(a)(2)(C),
(D).

     Alaka has also challenged the BIA member's decision to
resolve a particular appeal unilaterally, without opinion,
pursuant to 8 C.F.R. § 1003.1(e)(4), rather than referring
it to a three-member panel.  We lack jurisdiction to review
that decision, and we dismiss Alaka's petition for review

2

with respect to that claim.  *Kambolli v. Gonzales*, 449 F.3d 454, 463 (2d Cir. 2006).

## II.  Fairness of Proceedings

### A.  BIA's Decision to Remand to the IJ

Contrary to Alaka's argument that internal relocation is solely a legal determination that the BIA could have addressed without remand to the IJ, an internal relocation analysis requires factual findings regarding conditions, and the reasonableness of relocation, in the country of removal. *See* 8 C.F.R. § 208.13(b)(3).  Because the IJ who originally presided over Alaka's proceedings specifically declined to make such findings, the BIA's remand to the IJ was appropriate.  8 C.F.R. § 1003.1(d)(3)(iv) (stating that, aside from taking administrative notice of commonly known facts, the BIA may not conduct fact finding).

### B.  Venue

Although Alaka argues that venue should have remained in Pennsylvania absent "exceptional circumstances," the IJ in Pennsylvania did not err in granting the government's motion to change venue based on a showing of "good cause," to wit, Alaka was living in New York City following her release from detention.  *See* 8 C.F.R. § 1003.20(b); *Lovell v. INS,* 52 F.3d 458, 460 (2d Cir. 1995).  The IJ having applied the appropriate legal standard, Alaka's criminal conviction precludes us from further reviewing the IJ's decision with respect to change of venue.  8 U.S.C. § 1252(a)(2)(C).  We thus deny Alaka's petition to the extent she challenges the IJ's application of law to decide to change venue and dismiss it to the extent she challenges the IJ's underlying decision to change venue.

Moreover, for the reasons discussed below, Alaka has failed to establish that the change in venue caused any prejudice to her proceedings.  *Lovell*, 52 F.3d at 461.

### C.  Proceedings Before the IJ in New York

Alaka argues that her proceedings were unfair because the IJ in New York "placed herself in the role of a prosecutor," did not inform the parties that she would be

3

making a past persecution determination, ignored what Alaka asserts was a determination by the Pennsylvania IJ that Alaka had suffered past persecution, and denied withholding of removal despite the government's failure to elicit additional testimony from Alaka or submit any evidence regarding internal relocation. To the extent such arguments can be construed as a due process claim, Alaka has failed to establish that she did not receive a full and fair hearing which provided a meaningful opportunity to be heard. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006). The New York IJ did not ignore a prior past persecution determination made by the IJ in Pennsylvania. Although the IJ in Pennsylvania alluded to Alaka's past harm, he found Alaka was ineligible for withholding of removal because her past criminal conviction was for a particularly serious crime. He thus declined to make a definitive finding regarding whether Alaka had experienced past persecution, determining only that the testimony was credible. Because whether past persecution has occurred must be determined at the threshold of an internal relocation analysis, *see* 8 C.F.R. § 208.13(b)(3), the New York IJ did not exceed the scope of the Third Circuit's remand. Nor did the IJ make a determination on an issue as to which the parties had no notice or opportunity to be heard. The IJ considered Alaka's testimony and supporting documents submitted at her hearing before the IJ in Pennsylvania. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). The IJ also afforded both parties the opportunity to present additional testimony or documents. In response, Alaka's counsel stated that further testimony was unnecessary. In addition, the BIA did address Akala's arguments regarding the fairness of her proceedings. Nothing in the record, therefore, suggests that Alaka was deprived of fundamental fairness or denied a full and fair opportunity to present her claim, and we deny her petition to the extent it asserts that the administrative proceedings were unfair. *See Li Hua Lin*, 453 F.3d 99 at 104-05.

### III.    Withholding of Removal

#### A. Past Persecution

Alaka argues that the agency erred by determining that the harm she suffered did not constitute persecution. As an initial matter, Alaka's argument that Third Circuit law should apply is unavailing because, as she concedes, the law applicable to claims for withholding of removal is not substantively different in this Circuit. Indeed both this Court and the Third Circuit have issued decisions agreeing with the BIA's definition of past persecution as set forth in *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985). *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006); *see also Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir.1993).

The harm Alaka asserts she suffered—threats and being pushed when she attempted to stop Oodua People's Congress members from beating her husband—do not amount to persecution. *See Ivanishvili*, 433 F.3d at 342; *Fatin*, 12 F.3d at 1240; *see also Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that courts have "rejected [persecution] claims involving 'unfulfilled' threats"); *Zhen Hua Li v. Att'y Gen.*, 400 F.3d 157, 165 (3d Cir. 2005) (holding that unfulfilled "threats of physical mistreatment, detention, or sterilization" were not "sufficiently imminent or concrete for the threats themselves to be considered past persecution"). Nor may Alaka base her claim on harm her husband suffered because she did not establish that her husband's persecutors had imputed his opinions to her. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007); *see also Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir. 2007) ("[T]he statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer."). Accordingly, we deny that portion of Alaka's petition asserting that the IJ erroneously determined that the harm she suffered did not constitute persecution.

## B. Internal Relocation

Because Alaka did not suffer past persecution, the IJ properly placed the burden on her to establish that it was unreasonable for her to relocate within Nigeria. *See* 8 C.F.R. § 208.13(b)(3). Contrary to Alaka's assertions that the IJ failed to apply the reasonableness standard or ignored evidence in the record, the IJ determined that Alaka's testimony and supporting evidence were "insufficient [to establish] that it would be unreasonable, as opposed to inconvenient, difficult, or unpleasant to relocate." *See Xiao Ji Chen*, 471 F.3d at 337 n.17. Because Alaka's challenge is to the IJ's factual determinations, which, due to Alaka's criminal conviction, we lack jurisdiction to review. 8 U.S.C. § 1252(a)(2)(C); *Barco-Sandoval*, 516 F.3d at 40, we dismiss that portion of her petition challenging the agency's internal relocation finding.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6