NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0514n.06

No. 13-3843

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 14, 2014*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| PEDRO FLORES-CEDRA, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |
| | ) |

BEFORE: GUY, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM. Pedro Flores-Cedra, a Mexican citizen, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

Flores-Cedra was born in Mexico in 1972. He last entered this country in 1996, after having been removed on more than one occasion, and has remained since that time. He worked as a bricklayer, supporting his wife and five children, four of whom are United States citizens. Upon being placed in removal proceedings, he applied for the above relief, which is available to applicants who have been present in this country for ten years, have been of good moral character, have no disqualifying convictions, and whose qualifying relatives, in this case, the four citizen children, would suffer exceptional and extremely unusual hardship if the applicant were removed.

After a hearing at which Flores-Cedra, his brother and his son testified, the IJ concluded that Flores-Cedra had not demonstrated that his citizen children would suffer extraordinary and extremely unusual hardship if they accompanied him to Mexico. The IJ found that the lower standard of living and fewer educational opportunities in Mexico were not unusual consequences of relocation outside the United States in most cases, and that Flores-Cedra had not shown that his children would likely be victims of violent crime. On appeal to the BIA, Flores-Cedra also moved to remand the case to the IJ to consider a new travel warning issued by the Department of Homeland Security after the IJ's decision. Unlike the previous travel warning already in the record, the new warning mentioned violent crime in the state of Zacatecas, where Flores-Cedra's family lived. It referred specifically to several cities, but not the city where Flores-Cedra's family lived, and to the northwest part of Zacatecas, while Flores-Cedra's family lived in the southeast part. The BIA agreed with the IJ's decision and dismissed the appeal. In response to the new information, the decision noted that Flores-Cedra could also move to a less dangerous part of Mexico. The motion to remand was also denied, with the BIA concluding that the new information would not change the result.

In his brief before this court, Flores-Cedra argues that the BIA erred in discussing his ability to relocate within Mexico, contending that such a factor is relevant only in cases seeking asylum relief, not cancellation of removal. He also challenges the BIA's denial of his motion to remand. The respondent argues that the petition for review should be dismissed for lack of jurisdiction.

We lack jurisdiction to review the discretionary decision to deny cancellation of removal on the ground that the requisite extraordinary and extremely unusual hardship has not been established, and retain jurisdiction only to address questions of law that do not involve analysis

of the factors for eligibility. *Ettienne v. Holder*, 659 F.3d 513, 517-18 (6th Cir. 2011). The only arguable issue of law raised in this case is Flores-Cedra's argument that the BIA cannot consider whether he could relocate within Mexico, as that issue is only relevant to applications for asylum. This argument is not supported by the case law. *See Ramirez-Garay v. Holder*, 490 F. App'x 816, 818-19 (7th Cir. 2012) (discussing whether petitioner could relocate to another part of Mexico to avoid danger in cancellation of removal case); *Moran-Hernandez v. Atty. Gen. of U.S.*, 294 F. App'x 726, 728 (3d Cir. 2008) (BIA considered availability of relocation in a cancellation of removal case). Flores-Cedra's argument that the BIA decided similar cases without consideration of the ability to relocate is not reviewable, as the BIA may come to a different result in factually similar cases in the exercise of its discretion. *Ettienne*, 659 F.3d at 518.

We also lack jurisdiction to review the denial of a motion to reopen or remand in a cancellation of removal case, unless the motion raised a new hardship ground not decided in the original decision. *Cruz-Mayaho v. Holder*, 698 F.3d 574, 576-77 (7th Cir. 2012); *Fernandez v. Gonzales*, 439 F.3d 592, 601-03 (9th Cir. 2006). Moreover, even if jurisdiction existed, the BIA did not abuse its discretion in denying the motion on the ground that the result would not be changed by the new information, because the evidence supporting a motion to reopen or remand must be material. *See Allabani v. Gonzales*, 402 F.3d 668, 675-76 (6th Cir. 2005).

Accordingly, we dismiss the petition for review for lack of jurisdiction.

**JULIA SMITH GIBBONS, Circuit Judge, dissenting.** The opinion of the majority fails to focus on the key issue in this case—an issue which in my view is determinative and requires remand. I therefore respectfully dissent.

A part of the immigration judge's ruling was its conclusion that, although parts of Mexico are plagued with drug violence, there was no evidence that violence had reached Flores-Cedra's hometown, where he was likely to relocate. Flores-Cedra appealed the immigration judge's decision to the BIA and presented evidence that the conditions in Mexico, including in his hometown, were worse than the immigration judge had recognized. The BIA "acknowledge[d] the documentary evidence the respondent has submitted regarding country conditions in Mexico," but the BIA "note[d] that although the respondent asserts that he will return to a part of Mexico where crime is currently widespread, he has the option to relocate with his family to another area in Mexico."

Flores-Cedra argues that the BIA engaged in improper fact-finding when it concluded that he and his family could relocate to another part of Mexico to avoid the drug violence that allegedly plagues his hometown. 8 C.F.R. § 1003.1(d)(3)(iv) provides that the BIA may not engage in independent fact-finding in the course of deciding an appeal. The BIA is entitled to review an immigration judge's factual findings for clear error, *id.* § 1003.1(d)(3)(i), but if the case cannot be resolved without additional findings of fact, the BIA should remand the case to the immigration judge for resolution of the factual issue, *id.* § 1003.1(d)(3)(iv).

The United States contends that this court lacks jurisdiction to determine whether the BIA engaged in improper fact-finding. 8 U.S.C. § 1252(a)(2)(B)(i) strips the courts of jurisdiction to review any discretionary decision to deny relief under 8 U.S.C. § 1229b. But Flores-Cedra does not appeal the BIA's discretionary decision; he challenges the BIA's alleged

engagement in improper fact-finding, which is a question of law over which this court may properly exercise jurisdiction. *See Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012) ("Where the BIA fails to follow its own regulations and makes factual findings, it commits an error of law, which we have jurisdiction to correct."); *Saleheen v. Holder*, 618 F.3d 957, 962 (8th Cir. 2010); *Gracia Moncaleano v. U.S. Attorney Gen.*, 390 F. App'x 81, 87 (3d Cir. 2010).

This case should be remanded to permit the immigration judge to determine in the first instance whether Flores-Cedra reasonably could relocate to another part of Mexico to avoid drug violence, or instead whether relocation would give rise to an extreme hardship on Flores-Cedra's children. The immigration judge concluded that the drug violence had not reached Flores-Cedra's hometown, but the BIA evidently did not credit that determination. Rather, the BIA found that the presence of drug violence in Flores-Cedra's hometown was immaterial because Flores-Cedra and his children could simply pack up and move to another part of Mexico. But that conclusion cannot co-exist with the immigration judge's hardship determination, which turned on the fact that Flores-Cedra's family remained in his hometown. "[T]he family in Mexico is there and is there to provide a place for respondent and his family to go with support," the immigration judge said. Accordingly, it is not clear that Flores-Cedra and his family could relocate within Mexico without facing extreme hardship, as he would no longer have the support system on which the immigration judge's decision was grounded.

The correct course for the BIA would have been to remand the appeal to the immigration judge to determine the feasibility of relocation and the effect of relocation on the immigration judge's hardship analysis. *Cf. Alaka v. Holder*, 413 F. App'x 391, 393 (2d Cir. 2011) ("[A]n internal relocation analysis requires factual findings regarding conditions, and the reasonableness of relocation, in the country of removal."); *see also Gracia Moncaleano*, 390 F. App'x at 87

(finding that the BIA engaged in improper fact-finding when it "found that Gracia would no longer be able to care for his mother when he is released, as he no longer has a house or a partner to care for her during the daytime when he is working" (alteration omitted)). The question of the availability of care for Flores-Cedra's children if he were to relocate within Mexico is inherently a factual one, and its resolution is only for the immigration judge rather than the BIA. See 8 C.F.R. § 1003.1(d)(3)(iv).