JULIA SMITH GIBBONS, Circuit Judge,
dissenting.
The opinion of the majority fails to focus on the key issue in this case — an issue which in my view is determinative and requires remand. I therefore respectfully dissent.
A part of the immigration judge’s ruling was its conclusion that, although parts of Mexico are plagued with drug violence, there was no evidence that violence had reached Flores-Cedra’s hometown, where he was likely to relocate. Flores-Cedra appealed the immigration judge’s decision to the BIA and presented evidence that the conditions in Mexico, including in his hometown, were worse than the immigration judge had recognized. The BIA “acknowledge[d] the documentary evidence the respondent has submitted regarding country conditions in Mexico,” but the BIA “note[d] that although the respondent asserts that he will return to a part of Mexico where crime is currently widespread, he has the option to relocate with his family to another area in Mexico.”
Flores-Cedra argues that the BIA engaged in improper fact-finding when it concluded that he and his family could relocate to another part of Mexico to avoid the drug violence that allegedly plagues his hometown. 8 C.F.R. § 1003.1(d)(3)(iv) provides that the BIA may not engage in independent fact-finding in the course of deciding an appeal. The BIA is entitled to review an immigration judge’s factual findings for clear error, id. § 1003.1(d)(3)(i), but if the case cannot be resolved without additional findings of fact, the BIA should remand the case to the immigration judge for resolution of the factual issue, id. § 1003.1(d)(3)(iv).
The United States contends that this court lacks jurisdiction to determine whether the BIA engaged in improper fact-finding. 8 U.S.C. § 1252(a)(2)(B)(i) strips the courts of jurisdiction to review any discretionary decision to deny relief under 8 U.S.C. § 1229b. But Flores-Ce-dra does not appeal the BIA’s discretionary decision; he challenges the BIA’s alleged engagement in improper fact-finding, which is a question of law over which this court may properly exercise *392 jurisdiction. See Rodriguez v. Holder, 683 F.3d 1164, 1170 (9th Cir.2012) (“Where the BIA fails to follow its own regulations and makes factual findings, it commits an error of law, which we have jurisdiction to correct.”); Saleheen v. Holder, 618 F.3d 957, 962 (8th Cir.2010); Gracia Moncaleano v. U.S. Attorney Gen., 390 Fed.Appx. 81, 87 (3d Cir.2010).
This case should be remanded to permit the immigration judge to determine in the first instance whether Flores-Cedra reasonably could relocate to another part of Mexico to avoid drug violence, or instead whether relocation would give rise to an extreme hardship on Flores-Cedra’s children. The immigration judge concluded that the drug violence had not reached Flores-Cedra’s hometown, but the BIA evidently did not credit that determination. Rather, the BIA found that the presence of drug violence in Flores-Cedra’s hometown was immaterial because Flores-Ce-dra and his children could simply pack up and move to another part of Mexico. But that conclusion cannot co-exist with the immigration judge’s hardship determination, which turned on the fact that Flores-Cedra’s family remained in his hometown. “[T]he family in Mexico is there and is there to provide a place for respondent and his family to go with support,” the immigration judge said. Accordingly, it is not clear that Flores-Cedra and his family could relocate within Mexico without facing extreme hardship, as he would no longer have the support system on which the immigration judge’s decision was grounded.
The correct course for the BIA would have been to remand the appeal to the immigration judge to determine the feasibility of relocation and the effect of relocation on the immigration judge’s hardship analysis. Cf. Alaka v. Holder, 413 Fed.Appx. 391, 393 (2d Cir.2011) (“[A]n internal relocation analysis requires factual findings regarding conditions, and the reasonableness of relocation, in the country of removal.”); see also Gracia Moncaleano, 390 Fed.Appx. at 87 (finding that the BIA engaged in improper fact-finding when it “found that Gracia would no longer be able to care for his mother when he is released, as he no longer has a house or a partner to care for her during the daytime when he is working” (alteration omitted)). The question of the availability of care for Flores-Cedra’s children if he were to relocate within Mexico is inherently a factual one, and its resolution is only for the immigration judge rather than the BIA. See 8 C.F.R. § 1003.1(d)(3)(iv).